BOUTALL, Judge.
A pedestrian, Clifford Lewis, struck by an automobile, sued the driver, Elvin Nicholas, and his insurer. Plaintiff appeals from a judgment dismissing his suit.
This accident took place on LaSalle St. in the City of New Orleans, in 1963, and was not tried until February of 1975, due to many continuances and a prior appeal (# 3873 of this Court) in 1970 from judgment dismissing plaintiff’s suit for his failure to appear at trial on the day set. After remand from that appeal, the trial was continued three more times at plaintiff’s request. In the meantime, both plaintiff Lewis and defendant driver Nicholas had died and Lewis’s heirs were substituted as plaintiffs. At trial, the investigating policeman, Earl Boudreaux, was qualified as an expert. He found 50 feet of skid marks on the scene, which indicated a speed of approximately 30 miles per hour. He further testified that Lewis had told him at the investigation that he ran into the street looking the other way.
This was confirmed by the only remaining eye witness, Freddie Smooth, a passenger in Nicholas’ car. He testified that he saw Lewis run into and across LaSalle Street to catch a bus on the other side, looking away from traffic as he ran, and that Nicholas, travelling about 30 miles per hour, slammed on his brakes at once but could not avoid hitting Lewis.
The judge below, in his written reasons, stated that he found no evidence to support a finding that Nicholas was guilty of any *373 negligence, and further that Lewis was negligent in running into the street looking away from traffic, and that this would constitute contributory negligence so as to bar recovery.
Plaintiff assigns four errors on appeal, the first three being proffers of evidence disallowed by the trial judge.
Assignment of Error: Nos. 1.) and 3.) are essentially the same. After Freddie Smooth testified, he returned to the scene of the accident during a recess and measured the distances from point of collision to where he remembered Lewis was when he was first seen and where Nicholas’ car was at that time. Plaintiff attempted to recall Smooth to testify as to this measurement, and again to call Smooth on rebuttal to so testify.
The testimony was admissible and ordinarily is allowable. There seems to have been no reason to disallow this other than that plaintiff’s counsel had already belabored this point during Smooth’s examination. The witness also testified that he had gone to the scene the day before at counsel’s request and that counsel’s son had made the measurements. The trial judge had already given counsel latitude in examination of this witness beyond reasonable expectation. The judge could perhaps have justified his refusal on these grounds. However, we note in the judge’s written reasons that he discussed and seemed to consider this proffered evidence anyway; he found Smooth’s testimony on the distances involved “vague”, and mentioned that he considered “several measurements that he (Smooth) described when he was put back on the witness stand . was confusing”, noting several inaccuracies therein. We agree with this analysis. The proffered testimony added nothing to the effect of Smooth’s overall explanation of the accident.
Assignment of Error No. 2.
Plaintiff counsel attempted to call Mr. John Exnicious as second expert witness, after Boudreaux had already testified as an expert. Exnicious was not on plaintiff’s list of witnesses elicited in interrogatories and at pretrial, and the judge in oral reasons felt that defendant counsel was surprised and that it was unfair for him to be confronted at that late date with a new witness after so many continuances by the plaintiff over the prior 12 years. This was certainly within the judge’s right to control the case under La.Code of Civil Procedure, Article 1632.
Assignment of Error No. 4.
Plaintiff argues that judgment should have been granted in his favor, and that plaintiff should not be found contribu-torily negligent, and that the doctrine of last clear chance should apply. He argues that since the skid marks found were fifty feet long, and that Boudreaux would add some 31 or so feet to that as driver reaction time, for a total of 81 feet, that the driver did not attempt to stop at the first instant he saw Lewis, which counsel contends is 114 feet. However, Smooth’s testimony was firm in that Nicholas put on the brakes as soon as they saw Lewis running into the street. The trial judge found that there was no evidence to show improper speed, or failure to maintain proper lookout, or failure to see the pedestrian timely and react.
We find no manifest error here so as to reverse the trial court’s finding of fact. On these facts, the doctrine of last clear chance does not apply.
Accordingly, the judgment appealed from is affirmed. *

AFFIRMED.