385 So.2d 858 (1980)
Catherine SMITH
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY and the Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of Louisiana.
No. 13271.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Lennie F. Perez, Baton Rouge, of counsel, for plaintiff-appellant Catherine Smith.
Edward W. Gray, Baton Rouge, of counsel, for defendants-appellees Hartford Acc. and Indem. Co. and The Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of Louisiana.
Before ELLIS, EDWARDS and PONDER, JJ.
*859 EDWARDS, Judge.
Plaintiff-appellant, Mrs. Catherine Smith, filed suit against the Hartford Accident and Indemnity Company (Hartford) and The Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of Louisiana (Lodge) seeking damages for personal injuries. From a judgment rejecting her demands and dismissing her suit with prejudice, Mrs. Smith appeals. We affirm.
On the evening of May 25, 1977, plaintiff attended a bingo game at the Temple Theater, a building owned by the Lodge, located in the 1300 block of North Boulevard in Baton Rouge. The car in which plaintiff was a passenger was parked in a lot also owned by the Lodge and adjacent to the Temple. Following the bingo game, as plaintiff was returning to her car, she stumbled over a concrete abutment, fell and suffered injuries. This action was subsequently commenced.
The Lodge's alleged negligence consisted of:
1) failing to light the parking lot;
2) failing to paint the abutment a different color from the lot; and
3) failing to provide employees with flashlights to assist departing patrons.
The trial court found the Lodge not to have permitted an unreasonably dangerous condition to exist and, in addition also found Mrs. Smith not to have acted as a reasonable person of ordinary prudence.
On appeal, plaintiff-appellant urges the same grounds for finding the defendants negligent as were unsuccessful at trial. In addition, appellant claims that it was error for the trial court not to have admitted Carroll A. Hebert as an expert in the field of safety.
Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (1976), established that a landowner has the duty to discover any unreasonably dangerous conditions on his premises and to either correct the condition or warn potential victims of its existence.
The degree to which a danger may be observed by a potential victim, who thereby may provide self-protection, is one factor in the determination of whether the condition is unreasonably dangerous. Poe v. State Farm General Insurance Co., 360 So.2d 634 (La.App. 3rd Cir. 1978).
From a careful review of the record, it is evident that Lodge's parking lot attendants with flashlights were present only to assist in parking cars and were not intended to provide aid for bingo patrons.
Lighting for the benefit of bingo patrons was provided by three large floodlamps which came on automatically. Nothing in the record suggests that the lights were not on at the time of plaintiff's fall. In addition, a streetlight only forty-five feet away provided more lighting. While the parking lot was not brightly lit objects could be seen, including the concrete abutment. Rita Lands Jackson, a witness for plaintiff-appellant, testified that on looking down, the abutment could be seen (T-187). Clearly, the abutment was not an unreasonably dangerous condition.
We find, as did the trial court, that the real cause of Mrs. Smith's injuries was her own failure to look where she was going and to walk carefully. She had been to the Temple on prior occasions and certainly knew of the conditions. The record, taken as a whole, fully supports this conclusion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
The trial court's refusal to admit Carroll Hebert as a safety expert was proper. Mr. Hebert was simply unable to demonstrate sufficient training or experience in the field for which he sought to qualify as an expert.
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings, both trial and appellate, are to be paid by Catherine Smith.
AFFIRMED.