434 So.2d 91 (1982)
Geneva Albin HUNNICUTT
v.
William R. KENT, Jr., Farmers Insurance Group, Acme Truck Lines, Inc. and Bankers and Shippers Insurance Company.
No. 5-313.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Writ Denied February 4, 1983.
*92 Hammett, Leake & Hammett, W. Paul Anderson, New Orleans, for defendants-appellants.
Gauthier & Murphy, Robert M. Murphy, Kenner, Lawrence E. Chehardy, Metairie, for plaintiff-appellee.
Before BOWES, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This appeal arises out of a suit for damages incurred as a result of an intersectional vehicular collision involving a vehicle driven by Mark Hunnicutt and one driven by William R. Kent, Jr. The facts surrounding this litigation are undisputed.
This damage suit arose out of a collision which occurred on April 3, 1980, at the intersection of North Broad Street and Esplanade Avenue in New Orleans.
William R. Kent, Jr. was driving a semi-trailer truck which he owned but which was under an Interstate Commerce Commission lease (Title 49 Code of Federal Regulations; Section 1057-1 et seq.) to Acme Truck Line, Inc. Immediately before the accident occurred, William R. Kent, Jr. was proceeding down North Broad Street and failed to observe the red traffic signal controlling that street's intersection with Esplanade Avenue. The Kent truck collided with the 1975 Mustang driven by Mark Hunnicutt and as a consequence he and Calvitt Lucas Hill, a guest passenger at the time, were killed. A blood alcohol test was performed on William R. Kent, Jr. and it was learned that Kent was intoxicated at the time of the accident.
Subsequently, suit was filed on behalf of his surviving widow, Geneva Hunnicutt (plaintiff), and against William R. Kent, Jr. and his individual insurer, Farmers Texas County Mutual Insurance Company; and against Acme Truck Line, Inc. and its insurer, Bankers and Shippers Insurance Company, for wrongful death and damages. Prior to the trial of the case, and in response to plaintiff's motion for summary judgment, the trial court ruled that Acme Truck Line, Inc. was vicariously responsible as Kent's employer for any negligence of Kent on the night of the accident. Plaintiff attempted to negotiate a compromise with Kent and his insurer in advance of trial, however, the settlement fell through. For this reason, the case against William R. Kent, Jr. and his insurer was again placed on the court's trial docket and was set for trial on June 21, 1982. It has since been continued to be tried on October 18, 1982.
This appeal is relative only to the trial litigation involving the defendants, Acme Truck Lines, Inc. and Bankers and Shippers Insurance Company. The case was tried before a jury on September 17 and 18, 1981, and a verdict was returned against both defendants, in the amount of $163,000.00. The Jury found that the deceased, Mark Hunnicutt was contributorily negligent, however, his negligence was not the proximate cause of the accident, rather that the legal or proximate cause was attributable to William R. Kent, Jr. From that jury verdict, the defendants, namely, Acme Truck Lines, Inc. and Bankers and Shippers Insurance Company, have perfected this appeal.
On appeal the defendants have raised the following issues:
(1) The trial court erred in refusing to allow Officers Mocklin and Tambourella to testify as expert witnesses.

*93 (2) The trial court erred in refusing to allow Dr. Gerald Whitehouse to give expert testimony as to his supervision of, or the results of, a braking test, and in refusing to admit the videotape of that braking test.
(3) The trial court erred in denying defendants' post-trial motion for reduction of verdict.
(4) The trial court record does not support plaintiff's request for an increase in quantum for loss of love and affection.
By the time this suit came to trial, the operative facts were well established and defendants stipulated at the commencement of trial that:
(1) The tragic accident occurred early in the morning, approximately 12:45 A.M. on April 3, 1980, at the intersection of North Broad Street and Esplanade Avenue in New Orleans.
(2) That defendant, William R. Kent, Jr., was driving a truck owned by him, but leased to Acme Truck Lines, Inc. when he neglected to stop at a red traffic signal and collided into a car driven by Mark Hunnicutt.
(3) That Kent ran the red light without reducing his speed or using his brakes.
(4) That Kent was intoxicated at the time of the accident.
(5) That Mark Hunnicutt died as a result of the accident.
(6) That Kent's operation of the Acme truck was negligent and a proximate cause of the accident.
The defendants argue that the decedent, Mark Hunnicutt was contributorily negligent and consequently under Louisiana law in effect at the time of the trial, would have barred his widow (the plaintiff) from recovery.
Because the trial court judge refused to allow the jury to hear alleged expert evidence as to the speed at which the Hunnicutt (decedent) vehicle was traveling or the distance in which a vehicle identical to Hunnicutt's could be stopped under like circumstance, the defendants urge that such a ruling prejudiced the jury's findings. The court, in refusing to allow Officers Mocklin and Tambourella to testify as experts, was following its pre-trial order and recognized the inability of the plaintiff to anticipate the expert testimony of these police officers. In the defendants' pre-trial note of evidence, the police officers were not listed by name, but instead were simply listed as "investigating officers". The plaintiff expected that the police officers would be offered as investigating officers and that their testimony would be limited to the facts that they had gathered. The trial court ruled that these police officers could be offered as fact witnesses and that they could testify as to the accident scene and any facts surrounding the accident scene. Although the trial court's discretion is not limitless, we hold that under the facts presented in brief and with a comprehensive review of the record, the trial judge was within his bounds in refusing to allow the police officers to testify as expert witnesses. Lewis v. New York Fire & Marine Underwriters, Inc. 352 So.2d 371 (La.App. 4th Cir.1977). The contributory negligence found by the jury was exactly what the defendants were seeking to prove with the testimony of Officers Mocklin and Tambourella. Thus, they (defendants) have not been unjustly deprived of any legal rights; and even assuming that error was committed, such error was really harmless.
With respect to the second issue urged by defendants, we find it without merit. The trial judge ruled that Dr. Gerald Whitehouse was not qualified to give the type of testimony that he wanted to give. The defendants offered Dr. Whitehouse as an expert in the field of mechanical engineering. However, they attempted to solicit testimony with regard to the field of accident reconstruction. After having considered Dr. Whitehouse's background, experience in mechanical engineering, courtroom experience, and education, the trial judge reasoned that he was outside of his field of expertise and excluded his testimony related to accident reconstruction.
*94 We find no harm in the trial court's ruling. The purpose of an expert witness is to give an opinion based upon his professional qualifications and experience. Louisiana Power & Light v. Dixon, 201 So.2d 346 (La.App. 2nd Cir.1967). The trial court may properly exclude the testimony of any witness as an expert where that person is unable to demonstrate sufficient training or experience in the field for which he has sought to qualify as an expert. Smith v. Hartford Accident & Indemnity Co., 385 So.2d 858 (La.App. 1st Cir.1980). There is no merit in the defendant's contention that the trial judge erred in refusing to accept defendant's expert witness, Dr. Gerald Whitehouse, as an expert in accident reconstruction. The qualifications of an expert witness rest within the sound discretion of the trial judge, and the judge's determination will not be disturbed by the appellate court; absence a clear abuse of the trial judge's discretion (i.e., manifest error). Maxwell v. State Department of Transportation & Development, 391 So.2d 1230 (La.App. 1st Cir.1980); Roberts v. Tiny Tim Thrifty Check, 367 So.2d 64 (La.App. 4th Cir.1979). The trial judge must be allowed much discretion in determining a witnesses' qualifications and competence to testify as an expert, and the reviewing court must not disturb the trial judge's ruling unless the error is clear and involves a misconception of law. Sledge v. Aluminum Specialties Manufacturing, Inc., 351 So.2d 835 (La.App. 1st Cir.1977).
The trial court's refusal to admit Dr. Gerald Whitehouse as an expert on accident reconstruction was proper. Dr. Whitehouse was simply unable to demonstrate sufficient training or experience in the field for which he sought to qualify as an expert. Considering our view of the case, it is unnecessary to pass on the issue of the brake testing. However, due to its importance, we feel it should be pointed out with respect to this issue that Louisiana law is quite clear. That in order for this braking experiment to be admissable at trial, the defendants must affirmatively show that the experiment was conducted under similar, if not precise, conditions as were present during the original act. Elder v. Travelers Indemnity Co., 125 So.2d 694 (La. App. 1st Cir.1960).
The resolution of the third issue is quite simple. There exist no settlement as between the plaintiff and the defendants, William R. Kent, Jr. and his individual insurer, Farmers Texas County Mutual Insurance Company. Consequently, defendants' argument that Kent and Acme Truck Lines, Inc. are solidary obligors and that in compromising (settling) with Kent, the plaintiff released one-half of the obligation owed to her, is without merit.
Louisiana Civil Code Article 3071 expressly defines a compromise as an agreement by mutual consent to put an end to a lawsuit. It provides that it must be in writing or recited in open court and capable of being transcribed from the record of the proceeding. The compromise was conditioned upon Mr. Kent's insurer agreeing to the settlement amount. It was only after the trial against the employer (i.e., Acme Truck Lines, Inc.) that his insurer rejected the offer. There being no meeting of the minds, there was no contract of compromise. We conclude that a settlement was never reached and thus reject the argument that the verdict should be reduced.
Finally, we address the issue with regards to quantum as it relates to the loss of love and affection of plaintiff's husband. The law in Louisiana is clear in this area. The rule in Louisiana, as stated by our Supreme Court, is that:
"* * * [is] before a Court of Appeal can disturb an award made by a trial court * * * the record must clearly reveal that the trier of fact abused its discretion in making its award." Coco v. Winston Industries, 341 So.2d 332 (La.1976).
We find no abuse in the jury's award.
Furthermore, we find, as did the jury, that the legal or proximate cause of the accident and untimely demise of Mark Hunnicutt was the negligent operation of the vehicle by William R. Kent, Jr. Our review of the evidence in the record, taken as a whole, fully supports this conclusion. *95 The decision of the trier of fact was not manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973) or clearly wrong, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the foregoing reasons, the verdict of the jury in the trial court is affirmed.
AFFIRMED.