460 So.2d 646 (1984)
Frank BICKHAM, Jr. and Frank Bickham, Sr.
v.
Timothy H. GOINGS, Felder Goings, and State Farm Mutual Automobile Insurance Company.
No. 83-CA-0790.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 25, 1985.
*647 R. Bradley Lewis, Richard F. Knight, Bogalusa, for plaintiffs.
E. Kelleher Simon, Covington, Alton Lewis, Iddo Pittman, Hammond, for defendants.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
The defendants, Timothy and Felder Goings and their insurer, State Farm Mutual Automobile Insurance Company, appeal a judgment notwithstanding the verdict (JNOV) awarding Frank Bickham, Jr. $17,475.65 in damages for injuries sustained in a tractor-automobile collision and a judgment awarding his father, Frank, Sr., $100 in property damages to his car.
The accident occurred on July 22, 1981, when Timothy, Felder's seventeen year old son, was driving his father's 1970 Ford farm tractor and attempted a left turn off Louisiana 38 into the driveway of his home. Frank, Jr., who was taking his girlfriend home after a day of shopping, was driving his father's 1979 Thunderbird at approximately 50 mph, within the posted speed limit of 55 mph. Timothy testified that the roar of the tractor's engine drowned out the sound of the Thunderbird and that he did not see the car approaching from overhill about 200 feet away until after his tractor had already crossed over into the opposing lane. Because of the tractor's slower speed, he was unable to return to his own lane in time to avoid the collision. Frank, Jr., spotted the tractor as he crossed the crest of the hill and was proceeding down the straight slope toward the tractor. He applied his brakes, but was unable to stop before crashing into the left *648 rear wheel of the tractor, which was protruding two feet over the center line of the highway. The skid marks left by his tires measured from approximately 116 to 132 feet in length.
The collision totaled the Thunderbird. Tim was unhurt, but Frank, Jr. was taken to Riverside Medical Center for emergency treatment. His injuries included a cerebral concussion, contusions and abrasions on his face and left forearm, and a large hematoma above his left eyebrow which later formed a calcium deposit and an unsightly wrinkling indentation on his forehead. Because of the concussion, he was hospitalized two days for observation and then released. He suffered recurrent headaches for several months after the accident, typical with concussions, and a total loss of memory of the events immediately surrounding the accident.
Frank, Jr., sued to recover damages for his injuries. Frank, Sr., joined in the suit to recover damages to his car, but by stipulation before trial reduced his claim to the $100 deductible on his insurance policy and agreed to try his case before the judge alone. The defendants denied liability and pleaded several affirmative defenses including last clear chance, contributory negligence and comparative negligence, all on the ground of Frank, Jr.'s, alleged negligence in speeding. They also filed a third party claim against Frank, Jr., should they be held liable in Frank, Sr.'s suit.
In Frank, Jr.'s, suit, the jury returned a special verdict in defendants' favor in the form of two special findings: that Timothy was negligent or guilty of fault and that his negligence was not the cause in fact of the accident. In accordance with LSA-C. C.P. art. 1812, the trial judge entered judgment in conformity with those findings. In Frank, Sr.'s, suit, however, the trial judge found the defendants liable and awarded Frank, Sr., the $100. deductible.
Frank, Jr., filed a motion for judgment notwithstanding the verdict and an alternative motion for a new trial. After a hearing, the trial judge granted the JNOV, awarded damages in the amount specified above, plus interest and costs, and granted a conditional new trial, under LSA-C.C.P. art. 1811C, in the event this court should overturn the JNOV on appeal. The trial judge explained his ruling as follows:
Under the facts of this case the court is convinced that plaintiff is entitled to judgment notwithstanding the jury verdict. Due to the absence of appellate decisions concerning Act 41 of 1982 [which enacted Code of Civil Procedure art. 1810.1, later amended and renumbered art. 1811 by Acts 1983, No. 534, Section A], it may be appropriate to look to the Federal system for guidance in granting a judgment notwithstanding the verdict. The United States Fifth Circuit Court of Appeals has held that the standard for granting a motion for judgment notwithstanding a verdict requires that the trial court review all of the evidence in a light most favorable to the opponent of the motion, and if the trial court still finds that the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable men could not arrive at a contrary verdict, the motion for judgment notwithstanding the verdict should be granted. Boeing Company v. Shipman, 411 Fed.2d 365 (5th Cir.1969).
It has long been the accepted law of this state that a left turn across a highway is one of the most dangerous maneuvers that a driver can negotiate, and that he may only commence this maneuver after determining that it can be completed without danger or injury to oncoming traffic. Timothy Goings did not satisfy this requirement of the law. It would have been quite easy for him to have used the entrance to his father's residence situated at the crest of the hill, and at a point where he would have had unrestricted view of oncoming and overtaking traffic. He was clearly negligent.
When Bickham, Jr. came over the crest of the hill traveling approximately fifty miles per hour and within the speed limit, he was faced with the left turning tractor. The negligence of Timothy Goings *649 placed Bickham, Jr., in an emergency situation, and the response of Bickham, Jr., to the emergency was entirely proper under the circumstances. After reviewing all of the evidence in a light most favorable to the defendants, this court finds that the facts and evidence, together with the law, are so strong and overwhelming in favor of Bickham, Jr., that reasonable men could not determine that the negligence of Timothy Goings was not a "cause in fact" of the accident. Under the facts of this case and the law of this state, reasonable men could only conclude Timothy Goings did in fact cause the accident by his negligence and that Bickham, Jr., was free of any negligence whatsoever.
Although this case falls squarely within the standards established within the Federal system for the granting of the judgment notwithstanding the verdict, the Court does not feel that the strict standards of the Federal system are applicable to the State's statute, because of our appellate review of the facts. Although the decision need not be made in this case, it would appear appropriate for a district judge to grant a judgment notwithstanding the verdict when a jury commits manifest error or the verdict is contrary to the law and evidence.
The court also feels that a judgment notwithstanding the verdict must be granted for two additional reasons. First, under the facts of this case, the answers of the jury to interrogatories one and two are inconsistent with one another. It is inconsistent, if not inconceivable, for the negligence of a left-turning driver in this case not to have been the cause in fact of the accident. Secondly, the judgment of the court and the verdict of the jury is irreconcilable, and under the facts of this case, and particularly the type of verdict from submitted to the jury, it is the responsibility of the trial court to reconcile the judgment with the jury verdict.
The defendants assign error to virtually every aspect of the judge's ruling. They specifically attack the judge's three reasons for granting the JNOV.
They contend first that he failed to apply, or misapplied, the correct standard for granting the JNOV, as it is articulated in Boeing. Moreover, they argue that he improperly used the JNOV to reconcile the jury's findings, which they contend are not necessarily inconsistent, and that by reconciling the jury verdict with his own judgment in Frank, Sr.'s, suit, he usurped our appellate authority as explained in Thornton v. Moran, 343 So.2d 1065 (La.1977).
Despite his comment that the presumably less strict manifest error standard might be more consistent with Louisiana's appellate review of facts, his reasons make clear that he specifically applied the stricter federal standard, which has been adopted by nearly every appellate court in Louisiana, including our own: A JNOV under LSA-C.C.P. art. 1811 should be granted only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict on the facts at issue. See Lincecum v. Missouri Pacific Railroad Co., 452 So.2d 1182 (La.App.1st Cir. 1984); Rougeau v. Commercial Union Insurance Company, 432 So.2d 1162 (La. App.3rd Cir.1983); Roberts v. St. Bernard Parish School Board, 427 So.2d 676 (La. App.4th Cir.1983); Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La. App.5th Cir.1984).
After reviewing the evidence in this case, we agree with the trial judge that the jury could not reasonably have concluded that Tim's negligent left turn was not a "cause in fact" of the accident.
Whether or not it constitutes a legal cause rendering him liable for damages, a defendant's action or conduct is a cause in fact of harm to another, if but for his conduct the accident or harm would not have occurred, or if his conduct is a substantial factor in bringing about the harm. Dixie Drive-It-Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Craig v. Burch, 228 *650 So.2d 723 (La.App.1st Cir.1969); Carpenter v. Travelers Insurance Co., 402 So.2d 282 (La.App.3rd Cir.1981).
Apart from the question of plaintiff's contributory negligence in speeding, it is quite clear that defendant's attempted left turn off of the highway, at a point where he had an unobstructed view of approaching traffic for only 200 feet, while driving a noisy, slow moving tractor, was a substantial factor in causing this accident. We agree that reasonable men could not have reached a contrary verdict on this fact issue and uphold the granting of the JNOV in this case.
Accordingly, we find it unnecessary to address defendant's other arguments attacking the trial judge's two remaining reasons for granting the JNOV. One valid reason is sufficient to support his judgment. Moreover, because we have affirmed the JNOV we need not decide whether the trial judge properly granted the plaintiff a conditional new trial. However, we note that LSA-C.C.P. art. 1811C specifically authorizes such conditional new trials, while recognizing at the same time our appellate authority to modify such orders as the case may require.
In reaching the verdict, the jury passed on only one fact at issue, whether Tim's negligence was a cause in fact of the accident, and left unresolved the remaining issues concerning plaintiff's contributory negligence and damages. In granting the JNOV, overturning that finding, the trial judge, on the basis of the same evidence presented to the jury, accordingly made those findings independently. Specifically, he found that Timothy's negligence was the sole cause of the accident and that Frank, Jr., was free of any contributory negligence. Under Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) we are bound to accept those findings unless the record establishes that they are clearly wrong. Our review convinces us that they are not.
Defendants contend that Frank, Jr.'s, speeding was the sole cause of the accident. As proof of his speeding, they rely on the hearsay testimony of Timothy and Felder Goings and the proffered testimony of two witnesses they presented as experts in accident reconstruction.
As for the proffered testimony, upon proper objection by plaintiffs' counsel, the trial judge excluded the testimony of Dr. Olin K. Dart, a civil engineer and expert in accident reconstruction, because his name had not been listed as a witness in the pre-trial order and because the defendants did not give plaintiffs' counsel notice of their intention to use Dr. Dart's testimony at least ten days prior to trial, as the pre-trial order required. In fact, defendants' counsel did not give the required notice until the first day of trial.
The trial judge is given wide discretion in enforcing his pre-trial orders. We find no abuse in his ruling excluding the testimony of this "eleventh hour" witness. Hunnicutt v. Kent, 434 So.2d 91 (La.5th Cir.1982), writ denied, 435 So.2d 442 (La.1983); Sibley v. Menard, 398 So.2d 590 (La.App.1st Cir.1980).
The trial judge also refused to accept the testimony of Jay Haindel, claims adjuster for State Farm, concerning certain brake tests he conducted about six months after the accident. The trial judge sustained plaintiffs' objection that he was not qualified as an expert in accident reconstruction and excluded his testimony concerning those braking tests. In Hunnicutt the defendants attempted to elicit similar testimony concerning braking tests from a witness who had not been qualified as an expert at accident reconstruction in an attempt to establish the speed of the plaintiff's automobile. The trial judge refused to accept this testimony and the Fifth Circuit Court of Appeal affirmed saying,
There is no merit in the defendant's contention that the trial judge erred in refusing to accept defendants' expert witness... as an expert in accident reconstruction. The qualifications of an expert witness rest within the sound discretion of the trial judge, and the judge's determination will not be disturbed by *651 the appellate court; [absent] a clear abuse of the trial judge's discretion....
434 So.2d at 94 (citations omitted).
For the reasons assigned in Hunnicutt, we find no error in the trial judge's exclusion of this testimony.
These rulings left only the hearsay testimony of Timothy and Felder Goings as proof of Frank, Jr.'s, speeding. Timothy testified that some months later in a verbal confrontation with Frank, Jr., in which he accused him of speeding, Frank, Jr. said, "I ain't denying that." Felder testified that Frank, Jr., had told him that when his car reaches a speed of 70 mph the radiator produces a whistling sound. At the time of the accident, Felder was standing about 150 yards off the highway gathering firewood and heard the whistling sound as Frank, Jr., came over the crest of the hill.
These are quite obviously self-serving statements which the trial judge considered to be insufficient proof of speeding. Frank, Jr.'s, girlfriend testified that he had not been speeding at the time of the accident, and Trooper Wendel Richardson, the officer who investigated the accident, estimated the speed of Frank, Jr.'s automobile at approximately 50 mph. Defense counsel did not object to Richardson's testimony or to Richardson's qualifications as an expert.
Because of the paucity of evidence on the issue on speeding, we find no error in the trial court's finding that Frank, Jr., was not contributorily negligent. Cf. Tucker v. Lirette, 400 So.2d 647 (La. 1981).
On the issue of quantum, the trial judge awarded $15,000 in general damages for Frank, Jr.'s, pain and suffering, $1,500 for damages to cover the cost of cosmetic surgery to remove the hematoma and wrinkling calcium deposits in his forehead, and $975.65 in special damages in the following itemized amounts:

Riverside Medical Center $452.25
Dr. LaBoue J. Berthelot $132.00
Dr. George W. Hoffman, Jr. $115.00
Loss wages $246.40
Expensesone trip to New Orleans
for examination by Dr. Hoffman at
$.20 per mile $30.00

We do not find the general damages award of $15,000 to be excessive. See Reck v. Stevens, 373 So.2d 498 (La.1979). Nor do we agree with defendants that the $1,500 cosmetic surgery award is a prohibited speculative damage award. As the trial judge explained,
Dr. Hoffman indicated that three to four years must past before he can make a definite determination as to whether or not the indentations in Frank, Jr.'s left forehead is permanent. There is no reason to require Bickham, Jr. to wait for such an expanded period of time for it to resolve on its own or for it to be surgically repaired. The defendants are obligated to plaintiff for the immediate repair of Bickham's facial disfigurement, and the court will grant him the sum of $1,500 to cover this future medical expense.
Accordingly, we affirm the judgments of the trial court awarding Frank, Jr., $17,475.65 in personal injury damages and Frank, Sr., the $100 deductible under his insurance policy.
Appellants are taxed for all costs of these proceedings.
AFFIRMED.