496 So.2d 496 (1986)
Catherine Slattery FRIEDRICHS
v.
STATE FARM FIRE & CASUALTY INSURANCE COMPANY, and Charles L. Lane and Geneva M. Lane.
No. 85 CA 0780.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
A. William Mysing, Jr., Covington, for plaintiff-appellant-appellee, Catherine Slattery Friedrichs.
Ron S. Macaluso, Hammond, for defendant-appellant-appellee, State Farm Fire & Cas. Co., et al.
Before EDWARDS, WATKINS and PONDER[*], JJ.
WATKINS, Judge.
This is a suit for personal injury brought by Catherine Slattery Friedrichs against Geneva M. Lane, the driver of a car that struck Ms. Friedrichs while she was riding on a bicycle; Charles L. Lane, husband of Mrs. Lane; and State Farm Fire and Casualty *497 Insurance Company, the Lanes' automobile liability insurer. The case was tried before a jury, which found Ms. Friedrichs had sustained past physical pain and suffering amounting to $5,000.00; had sustained no mental pain or anguish; and would sustain future medical expenses in the sum of $5,000.00, but would sustain no future physical pain and suffering. Further, the jury found Ms. Friedrichs to have been 50% at fault in having caused the accident, which had the effect of reducing the amount of the jury award by 50% under the theory of comparative negligence.
Ms. Friedrichs moved for a judgment notwithstanding the verdict (NOV) or, in the alternative, an additur or a new trial. Defendant moved for judgment NOV on the issue of future medical expenses. The trial court let stand the jury's verdict on comparative negligence of 50%, past physical pain and suffering of $5,000.00, and future medical expenses of $5,000.00, but also awarded $25,000.00 for future pain and suffering, and $10,000.00 for past and future mental pain and anguish, subject to the jury's finding of 50% comparative negligence. Thus, the trial court rendered judgment in favor of Ms. Friedrichs for 50% of $45,000.00, or $22,500.00. From that judgment, both plaintiff and defendants appealed. We amend the award, and affirm.
The accident occurred at a "T" shaped intersection where Student Union Drive enters North Oak Street on the edge of the campus of Southeastern Louisiana University. A stop sign faces traffic on Student Union Drive. Mrs. Lane stopped her car at the stop sign. Ms. Friedrichs, who was riding her bicycle on the sidewalk at the side of North Oak Street, observed Mrs. Lane's car stopped at the stop sign, and stopped her bicycle on the sidewalk. Ms. Friedrichs testified she thought Mrs. Lane saw her on the bicycle. In any event, Ms. Friedrichs proceeded in front of the car on the bicycle. Mrs. Lane at that point began to move the car forward, and the car struck Ms. Friedrichs, knocking her and her bicycle to the pavement, causing Ms. Friedrichs cuts and abrasions. Mrs. Lane explained in her testimony that she was looking to the left, attempting to make a right turn into North Oak Street, and did not see Ms. Friedrichs or her bicycle. Ms. Friedrichs was treated at the Southeastern University infirmary for her cuts and abrasions, x-rayed, and released. The accident took place at noon on October 20, 1982. That afternoon, Ms. Friedrichs' jaw locked while she was chewing gum.
The jaw locked intermittently and Ms. Friedrichs felt pain in the jaw and suffered headaches for the next several days. Finally, she saw a dentist, Dr. Maria Blake, of Hammond, who diagnosed her condition as a temporal mandibular joint (TMJ) disfunction, and took corrective measures to repair her bite. Likewise, an oral surgeon, Dr. Andrew Kreller, of Covington and Hammond, to whom she was referred by State Farm, the Lanes' insurer, diagnosed her condition as a TMJ disfunction. Both thought the condition was caused by the accident.
The principal issue, or set of issues, in this case surround the propriety of the trial court's granting of a judgment NOV.
As the discussions of this court in Bickham v. Goings, 460 So.2d 646 (La.App. 1st Cir.1984), writ refused, 462 So.2d 1246 (1985), and in McClain v. Holmes, 460 So.2d 681 (La.App. 1st Cir.1984), writ refused, 463 So.2d 1321 (1985), make clear, the standard for determining the propriety of granting a judgment NOV is the same as that to be used in determining the correctness of a directed verdict, that is, a judgment NOV, as a directed verdict, should be granted "... only if reasonable men, all inferences resolved in favor of the nomover, (sic) could not possibly arrive at a verdict for the nonmover." McClain, 460 So.2d at 682. Generally, because Louisiana rules governing judgment NOV are derived from the Federal rules, Louisiana has looked to the Federal jurisprudence in determining the propriety of granting a judgment NOV, most notably, to the language of Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir.1969) which holds that the trial court should review all of the evidence in *498 the light most favorable to the opponent of the motion, and if the trial court still finds that the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable men could not arrive at a contrary verdict, the motion for judgment notwithstanding the verdict should be granted. See Bickham, 460 So.2d at 648.
Clearly, reasonable men could find Ms. Friedrichs to have been 50% at fault. She was violating University regulations in riding her bicycle on the sidewalk. Also, she should not have proceeded in front of the stopped automobile, which she should have known was likely to move forward and strike her, unless she was certain that its driver was aware of her, especially since the automobile was attempting to enter a heavily travelled thoroughfare. Thus, we hold that the upholding by the trial court of the jury's finding of 50% comparative negligence on the part of Ms. Friedrichs was correct.
Defendants contend that future medical expenses were not proven. However, Dr. Blake recommended that Ms. Friedrichs see a Dr. Overshine in Houston, and the main reason that Ms. Friedrichs did not go was lack of funds. Both Dr. Blake and Dr. Kreller foresaw a long and painful future for the TMJ disfunction, which would require an extensive amount of medical or dental treatment. Clearly, reasonable men could have concluded from this evidence that an award of $5,000.00 for future medical expenses was proper.
Further, because a long and painful history would attend the TMJ disfunction, an award of $25,000.00 for future pain and suffering was not an abuse of the trial court's broad discretion in the award of damages. LSA-C.C. art. 2324.1. All inferences resolved against Ms. Friedrichs, the jury as reasonable men nevertheless should have given weight and effect to the uncontradicted testimony of Dr. Blake and Dr. Kreller that the pain could last intermittently for the rest of Ms. Friedrich's life, and have awarded some sum for future pain and suffering. Ms. Friedrichs was in her early 20's at the time of trial. Further, for the jury to award future medical expenses and to award nothing for future pain and suffering was contrary to the result reasonable men should have reached, as future dental treatment was recommended by Drs. Blake and Kreller because there would almost certainly be future pain. We therefore hold that the $25,000.00 award granted in judgment NOV for future pain and suffering was not an abuse of discretion.
However, the trial court's judgment NOV also awarded $10,000.00 for past and future mental pain and anguish. Reasonable men would have no factual basis for an award of that sum as the record is devoid of any evidence of mental pain and anguish. There is no showing of emotional trauma or distress. There is not even a showing of a potential cause of mental pain and anguish, such as physical scarring. This sum must be stricken from the judgment NOV.
Therefore, we affirm the judgment of the trial court in holding that Ms. Friedrichs was 50% negligent, and in awarding her $5,000.00 for past physical pain and suffering, $5,000.00 for future medical expenses, and $25,000.00 for future pain and suffering. We reverse the judgment of the trial court in awarding the sum of $10,000.00 for past and future mental pain and anguish.
Thus, judgment is rendered in favor of Catherine Slattery Friedrichs, and against defendants in the sum of $17,500.00, and for all costs of this proceeding, in the trial court and in this court.
AMENDED AND RENDERED.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.