619 So.2d 174 (1993)
Elizabeth M. BREAUX, Plaintiff-Appellant,
v.
Glynn S. MATURIN, II, et al., Defendants-Appellees.
No. 92-1118.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*175 Joseph A. Koury, Lafayette, for Elizabeth M. Breaux, etc.
Matthew Joseph Hill, Jr., Michael J. Breaux, Lafayette, for Glynn S. Maturin, II, et al.
Before DOUCET, KNOLL and COOKS, JJ.
DOUCET, Judge.
Elizabeth M. Breaux brought this suit to recover damages for personal injuries that she and her minor daughter, Nicole, suffered in an automobile accident. The defendants are Glynn S. Maturin, II and State Farm Mutual Automobile Insurance Company. State Farm was sued in its capacity as Mr. Maturin's liability insurer and in its capacity as Mrs. Breaux's underinsured motorist insurer.
The claims were tried before a jury, which returned a verdict in favor of Mrs. Breaux, awarding her $15,000.00 for past medical expenses, $5,000.00 for future medical expenses, and $20,000.00 in general damages. The jury awarded no damages for Nicole. A judgment implementing the jury's verdict was rendered by the district court on April 2, 1992. On the same day, Mrs. Breaux filed a motion for a judgment notwithstanding the verdict, or alternatively, a new trial, which was denied by the trial judge on May 13, 1992. From that judgment, Mrs. Breaux perfected this devolutive appeal.
On appeal, Mrs. Breaux complains that the jury erred in failing to award adequate general damages for her injuries and in failing to award any damages for Nicole. She also contends that the trial judge erred in declining to rectify these errors by granting her motion for a judgment notwithstanding the verdict, or alternatively, a new trial.
The accident which gave rise to this suit occurred on November 27, 1989, in Lafayette, Louisiana. Mrs. Breaux brought her 1982 BMW automobile to a stop behind other traffic on Johnston Street near its intersection with Cajun Dome Boulevard. While she was stopped, her car was struck from the rear by a 1986 Ford Escort automobile driven by Mr. Maturin. The defendants stipulated to Mr. Maturin's liability for the accident and resulting damages.
The extent of the property damage was disputed by the parties. Mr. Maturin described it as minor. Mrs. Breaux, on the other hand, testified that the damage to her car was extensive and included damage to the trunk lid, a buckle in one of the rear fenders, a leak in the gas tank and a twisting of the sun roof. Photographs of the *176 car, which were introduced into evidence, were of poor quality, but they do reflect some rear end damage and an external protrusion of the right rear fender, as described by Mrs. Breaux. Mrs. Breaux testified that the total cost of repairing her car was about $2,000.00. State Farm, which paid for the repairs, did not introduce any evidence to contradict her testimony.
In any event, while the defendants question the extent of the damage to the vehicles, they do not appear to seriously dispute the fact that Mrs. Breaux suffered injuries as a result of the accident. The controversy is over the extent of those injuries and the adequacy of the jury's $20,000.00 general damage award.
The evidence established that immediately after the accident, Mrs. Breaux complained of pain in her head. It was ultimately determined that she was suffering from temporomandibular joint dysfunction. At the time of the trial, she had been treated for two and one-half years by several professionals, including two dentists, an orthodontist and a chiropractor, for symptoms which appeared to be at least partially related to that condition. She had been involved in another automobile accident about two years prior to the one which gave rise to this lawsuit. The evidence suggested that some of her pain might have been related to injuries that she sustained in the first accident.
Mrs. Breaux argues that the jury's general damage award in this case must be deemed abusively low when compared with prior jurisprudence. In support of that proposition she cites the decisions in Adamson v. City of Lafayette, 521 So.2d 1258 (La.App. 3rd Cir.1988), writ denied, 526 So.2d 798 (La.1988) and Clement v. State, Through Department of Transportation & Development, 528 So.2d 176 (La. App. 1st Cir.1988), writ denied, 532 So.2d 157 (La.1988).
It is well-settled that damage awards should be determined by the particular facts or circumstances of the case under consideration. The initial inquiry must always be whether the trial court's award for the particular injuries and their effects on this particular injured person is a clear abuse of the trial court's considerable discretion. It is only after a clear abuse of discretion has been found that an appellate court may resort to prior awards. When applicable, prior awards may be considered only en masse and not on the basis of selected awards. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Berthelot v. Leday, 606 So.2d 1 (La.App. 3rd Cir.1992); Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La.App. 3rd Cir.1990), writ denied, 565 So.2d 450 (La. 1990).
After reviewing all the evidence, we find no clear abuse of the trial court's much discretion in this case. It would therefore be in inappropriate for us to consider prior awards. Furthermore, even if prior awards were relevant to our inquiry, the jurisprudence would only corroborate our view that the jury did not abuse its discretion. The jury's $20,000.00 general damage award falls squarely within the range of awards in other similar cases. See for example, Stoutes v. G.M.A.C., 598 So.2d 654 (La.App. 3rd Cir.1992); Molaison v. Denny's, Inc., 592 So.2d 916 (La.App. 5th Cir.1991); Friedrichs v. State Farm Fire & Casualty Insurance Co., 496 So.2d 496 (La.App. 1st Cir.1986). The cases cited by Mrs. Breaux involved other injuries, which were not present in this case.
While we find no abuse of the jury's discretion in its award to Mrs. Breaux, we do find that the jury erred in failing to award any damages for Nicole. Shortly after the accident, Nicole was also found to be suffering from temporomandibular joint dysfunction. Like her mother, Nicole was predisposed to develop this condition as a result of unfavorable skeletal conditions, which she was apparently born with. However, there was no evidence of any problems with her temporomandibular joints or any treatment for that condition prior to the accident. Dr. Joe W. Scales, the dentist who initially treated Nicole for this problem, attributed it to the accident. Dr. I.N. Harkins, an orthodontist who subsequently *177 treated her, also felt that the accident precipitated her pain.
The plaintiff bears the burden of proving the existence of his injuries and a causal connection between those injuries and an accident. The test for determining whether he has satisfied that burden of proof is whether he has shown through medical testimony that it is more probable than not that the subsequent medical treatment was necessitated by trauma suffered in the accident. Jaffarzad v. Jones Truck Lines, Inc., supra; Petersen v. State Farm Automobile Insurance Co., 543 So.2d 109 (La.App. 3rd Cir.1989), writ denied, 546 So.2d 1223 (La.1989).
Plaintiffs are aided in proving the causal relationship between the accident and their injuries by the legal presumption that a medical condition producing disability is presumed to have resulted from an accident, if the injured person was in good health prior to the accident, but shortly after the accident, the disabling condition manifested itself. Streeter v. Sears, Roebuck & Co., Inc., 533 So.2d 54 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1255 (La. 1989). If such a showing is made, the burden of proof shifts to the defendants to show that some other particular incident could have caused the injury. Streeter v. Sears, Roebuck & Co., Inc., supra; Davis v. Galilee Baptist Church, 486 So.2d 1021 (La.App. 2nd Cir.1986).
The evidence in this case established that Nicole was in good health and did not suffer from temporomandibular joint dysfunction prior to the accident. The defendants presented no proof of any other cause for the onset of this condition. All that the defendants showed was that Nicole was predisposed to develop temporomandibular joint dysfunction as a result of skeletal anomalies. There was expert testimony that treatment was indicated even in the absence of trauma. However, the experts all agreed that Nicole might have been asymptomatic her entire life, and but for the pain which was precipitated by the accident, she might have elected not to undergo treatment.
It appears that the jury might have been unduly influenced by the evidence of predisposition. It is well-settled that a tortfeasor takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. When a tortfeasor's negligent act aggravates a preexisting injury or condition, he must compensate the victim for the full extent of the aggravation. Thames v. Zerangue, 411 So.2d 17 (La.1982); Miley v. Landry, 582 So.2d 833 (La.1991); Thibodeaux v. Winn-Dixie of Louisiana, Inc., 608 So.2d 673 (La.App. 3rd Cir.1992); Lopez v. Chicago Bridge & Iron Co., 546 So.2d 291 (La.App. 3rd Cir.1989), writ denied, 551 So.2d 1323 (La.1989).
In Williams v. Reinhart, 155 So.2d 51 (La.App. 1st Cir.1963), the fifty-five year old plaintiff had only six lower teeth at the time of the accident. He had worn upper dentures for approximately eighteen years and was wearing a partial lower bridge. Two of his six teeth were broken, and one was cracked in the accident. Because the remaining teeth were insufficient to anchor a partial bridge, his dentist extracted all of his lower teeth and fitted the plaintiff with lower dentures.
The defendant argued on appeal that the trial court had erred in allowing recovery for the full amount of the plaintiff's dental bill. The defendant contended that since the plaintiff only had six remaining teeth at the time of the accident, he would have had to obtain a set of lower dentures sooner or later. The court of appeal rejected that argument, holding:
"This position is untenable. Not only is the record devoid of any evidence which would indicate plaintiff would have had to have a lower denture in the near future had it not been for this accident, the fact remains the accident was the cause of having the teeth extracted and dentures made at that particular time." Id. at 52.
That reasoning applies in this case. While Nicole was clearly susceptible to experiencing temporomandibular joint dysfunction at some time in her life, the evidence presented at trial established that *178 she had neither suffered from that condition, nor had she received any treatment for it, prior to the accident. Although she was not treated specifically for temporomandibular joint dysfunction until about six weeks after the accident, she was being treated by a chiropractor for neck pain during that period. The expert testimony established a link between neck pain and temporomandibular joint dysfunction. Furthermore, the dentist and orthodontist, who ultimately treated her, related the onset of her problems to the accident.
In light of these facts and the legal principles discussed above, we conclude that the jury committed manifest error in failing to find that Nicole suffered compensable injuries in the accident. The defendants did not rebut the proof that the treatment for the temporomandibular joint dysfunction was made necessary by the accident. There was no proof of any other incident which precipitated her pain and need for treatment.
At the time of the trial, Mrs. Breaux had incurred $6,632.03 in expenses for the treatment of Nicole's injuries. The parties stipulated that State Farm is entitled to a credit of $5,000.00 for payments made under the medical payments provisions of Mrs. Breaux's policy. At the time of the trial, she was still undergoing treatment, but there was no clear evidence which established the future costs that will be incurred for such treatment. The evidence did indicate, however, that the treatment will continue for some time, and that she will continue to experience discomfort at least until it is completed.
In light of all of these circumstances, we believe that an award of $25,000.00 will fairly and adequately compensate Nicole for her injuries. Accordingly, the judgment of the district court denying an award of damages to Nicole is reversed and judgment is rendered awarding damages to Elizabeth M. Breaux, in her capacity as natural tutrix of Nicole Elizabeth Breaux, in the sum of $25,000.00, subject to a credit of $5,000.00, which was paid by State Farm Mutual Automobile Insurance Company for medical expenses, or a net judgment of $20,000.00. In all other respects, the judgment of the district court is affirmed. The costs of this appeal are assessed against the defendants.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.