JiKNOLL, Judge.
In this personal injury appeal, plaintiffs minor son was awarded $1,000 for a bruise. Plaintiff appeals specifying three assignments of error. First, she asserts that the trial court erred in its findings of fact regarding the cause and extent of Eric Rankin’s injuries. Second, she asserts that the trial court erred in awarding only $1,000 in general damages. Finally, plaintiff argues that the trial court erred in failing to award expert witness fees. For the following reasons, we affirm.
FACTS
On September 28,1990, eight year old Eric Rankin was injured when a fire-escape ladder that was attached to the side of a building owned by defendant came loose and fell on him. Claudette Rankin, Eric’s mother, brought suit against the Housing Authority in July, 1991, asserting that her son has suffered numerous Injuries as a result of the incident. One assertion was that the ladder knocked Eric unconscious and triggered recurring headaches and neurological dysfunctions including Attention Deficit Disorder (ADD). A bench trial was held September 26,1994, and at the close of trial, the court ruled in favor of plaintiff on the issue of liability. The issues of the extent of Eric’s injuries and quantum were taken under advisement by the trial court.
On December 15, 1994, the trial court handed down written reasons for its judgment on the remaining issues. It found that the plaintiff failed to prove by a preponderance of the evidence that Eric had been knocked unconscious by the incident. Further, the trial court found that plaintiff failed to prove by a preponderance of the evidence that Eric’s headaches and neurological dysfunction were caused by the incident. The court did find, however, that plaintiff proved the existence of a leg injury resulting from the accident. The court found that the record supported an award of $1,000 for general damages. The court did not set fees for expert witnesses.
PROOF OF INJURIES
In Breaux v. Maturin, 619 So.2d 174, 177 (La.App. 3 Cir.1993), we recently stated that “[t]he plaintiff bears the burden of proving the existence of his injuries and a causal connection between those injuries and an accident.” In the case sub judice, plaintiff must prove by a preponderance of the evidence that the falling ladder caused an injury that triggered his headaches and subsequent neurological disorder. Since a mere blow to the legs is unlikely to cause the neurological problems complained of, the plaintiff sought to prove that Eric had suffered a blow to the head that rendered him unconscious and caused his subsequent injuries.
| aThe trial court found that Eric Rankin was not rendered unconscious by the incident. The plaintiff asserts that the trial court made an error of law in making this determination, namely that the trial court held that medical evidence was required to prove that Eric Rankin was rendered unconscious.
We disagree with the plaintiffs characterization of the findings of the trial court as an error of law. In his written reasons for *263 judgment, the trial judge stated that the plaintiff must show through medical testimony that subsequent medical treatment was necessitated by trauma suffered in the accident. He did not state that medical testimony was required to establish the occurrence of trauma in the first place.
This means that in the case sub judice, medical testimony would be required to show that the headaches and ADD suffered by the plaintiff were caused by a blow to the head from the falling ladder. Nevertheless, a primary requisite to this determination of causation is the determination that a head injury occurred in the first place. Unconsciousness is indicative of a concussion, and Eric’s unconsciousness would be a strong indication that a head injury occurred.
The trial court reviewed the evidence regarding Eric’s unconsciousness. It noted that the plaintiff and her neighbor both testified that Eric was knocked out when they saw him after the accident. Also noted was an accident report prepared by Ernest Wilson, a maintenance and repair supervisor. This report indicated that Eric was knocked out by the accident, however, Mr. Wilson stated that he did not have firsthand knowledge of the accident, and that the information in the report was given to him by Eric’s mother.
On the other hand, the trial court noted that no medical records or testimony indicated that Eric was knocked unconscious. These records included the emergency room report for the accident as well as the records of Dr. Walter Scott, Eric’s Upediatrician and treating physician. Dr. Scott’s testimony indicated that he was not apprised of any head trauma suffered by Erie. The fact that head injuries were not noted by either the emergency room staff or Eric’s treating doctor reflects negatively on plaintiffs allegations of unconsciousness. It is apparent from our review of the record that the trial court considered the absence of medical records of the head injury as evidence weighing against the plaintiff rather than operating as a bar to plaintiffs recovery as a matter of law.
The jurisprudence on appellate review of the trial court’s determination of fact is well settled. In Rosell v. ESCO, 649 So.2d 840 (La.1989), the Louisiana Supreme Court stated that
a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of ‘manifest error’ or unless it is ‘clearly wrong,’ and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
Rosell, 549 So.2d 840 at 844.
The trial court found that the plaintiff failed to prove that the falling ladder knocked Eric unconscious. The issue of whether Eric was knocked out for 20 minutes was a credibility issue determined by the trial court. We will not set aside credibility determinations by the trier of fact unless the record supports that the trier of fact was clearly wrong. Rosell v. ESCO, 649 So.2d 840. After a careful review of the record, we find that the determination of the trial court was not clearly wrong.
CAUSATION
Plaintiff assigns as error the trial court’s finding that the incident did not cause Eric’s headaches and neurological dysfunction. Whether the falling ladder caused Eric’s neurological injuries is a question of fact. Therefore, the standard of review | squoted above is also applicable here. Nevertheless, we note that plaintiffs are aided in proving the causal relationship between the accident and their injuries by the legal presumption that a medical condition producing disability is presumed to have resulted from an accident if the injured person was in good health prior to the accident, but shortly after the accident, the disabling condition manifested itself. Breaux, 619 So.2d 174.
Although Eric’s mother and teacher testified that Eric’s behavior deteriorated after the incident, the trial court noted, and the record reflects, that Eric’s behavior in school prior to the accident was about the same as his behavior after the accident. Also, in its reasons for judgment, the trial court noted *264 that Eric testified that he had suffered headaches prior to the accident.
Dr. Terry Lovelace, a neurodevelopmental evaluator and therapist, testified that she could not indicate the cause of Erie’s neurological dysfunctions. The record reflects that cases in which lasting neurological disorders such as ADD are brought about by trauma are relatively rare and that most cases of ADD are developmental.
Based on our review of the record we cannot say that the trial court committed manifest error in determining that the falling ladder did not cause Eric’s headaches or neurological dysfunction.
QUANTUM
The trial court found that the falling ladder badly bruised Erie’s leg. As a result, he awarded $1,000 in general damages. Since we find that the trial court was not clearly wrong in its determination that the ladder did not cause Eric’s headaches and neurological disorders, we will limit our discussion of quantum to the damages incurred as a result of the leg injury.
| rAlthough Eric complained of leg pain in his visits to Dr. Scott, there is evidence that he aggravated or reinjured his leg while playing kiekball. Also, Dr. Scott’s examinations and x-rays indicated no objective source of the leg pain. Nevertheless, we find the record supports the conclusion that Eric suffered a bruise or contusion in his right leg.
We note that the trier of fact’s discretion is vast in awarding general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). Having reviewed the record as to the nature and extent of the plaintiffs damages, we cannot say that the trial court abused its much discretion in awarding $1,000 in general damages.
EXPERT WITNESS FEES
Under La.Code Civ.P. art. 2088, the trial court is still vested with jurisdiction with respect to expert witness fees. In reviewing the record, we find no evidence upon which an award of expert witness fees can be based. Accordingly, the trial court did not abuse its discretion in not awarding expert witness fees.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff.
AFFIRMED