613 So.2d 1034 (1993)
David ANTIS, et ux., Plaintiffs-Appellees,
v.
J.D. MILLER, et ux., Defendants-Appellants.
No. 92-52.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*1035 Michael B. Miller, Crowley, for defendants-appellants.
Noble M. Chamber, Jr., Crowley, for plaintiffs-appellees.
Before GUIDRY, STOKER and COOKS, JJ.
COOKS, Judge.
This is a protracted property action arising from an encroachment dispute between neighboring landowners. The background facts surrounding the litigation were set forth in our opinion in Antis v. Miller, 524 So.2d 71 (La.App. 3rd Cir.1988). However, for convenience, we will briefly summarize the events giving rise to the present appeal.

FACTS
Suit was commenced in 1984 by plaintiffs, Mr. and Mrs. David Antis (hereinafter Antis), seeking to compel removal of an encroachment constructed by defendant, J.D. Miller and Georgia Sonnier Miller (hereinafter Miller), on the Antis' property. Miller, owner of Lot 30 in Country Club Subdivision, erected an addition to his residence extending 3.85 feet on adjacent Lot 31 owned by Antis. While denying the existence of any encroachment, Miller urged at the first trial that he was entitled to a legal servitude on Antis' property pursuant to the provisions of Louisiana Civil Code Article 670. The district court rejected all of Miller's arguments and ordered him to remove the addition. Miller appealed. We reversed the judgment finding Miller was entitled to a predial servitude of sufficient width to accommodate the encroaching structure. Accordingly, the case was remanded to the trial court "for determination of the extent of the predial servitude to be awarded; the value of the servitude; and, any and all damages ... [suffered by Antis]." See Antis, supra.
On remand, the trial court rendered judgment, awarding Antis Eight Hundred Seventy Five and No/100 Dollars ($875.00) as compensation for the value of the servitude, and One Thousand Five Hundred Seventy Five and No/100 Dollars ($1,575.00) as damages for diminution in the value caused to the remainder of Antis' property. Further, the judgment taxed as cost Four Hundred Fifty and No/100 Dollars ($450.00) for expert fees and One Hundred Fifty and No/100 Dollars ($150.00) for survey charges.
Miller lodged this appeal expressing dissatisfaction with having to pay Antis Eight Hundred Seventy Five and No/100 Dollars ($875.00). He also objects to payment of *1036 the diminution award and cost. Antis answered the appeal urging us to award him attorney's fees, additional expert fees, and damages for Miller's alleged frivolous appeal.

VALUE OF PREDIAL SERVITUDE AND DAMAGE AWARD
While confessing his legal obligation to pay for Antis' property now burdened by the servitude, Miller seriously argues, in brief, that the trial court's award for the servitude should be reduced by One Hundred Sixty Seven and No/100 Dollars ($167.00). Miller assigns as error reliance by the trial judge on an appraiser's opinion. He proceeds by attacking the appraiser's credibility and factual knowledge.
Prior to trial, the parties stipulated to accommodate the encroachment it was necessary to grant a servitude measuring five (5) feet in width on Antis' Lot 31. Moreover, they agreed the servitude created an additional burden on Antis' lot amounting to 3.85 feet to bring the encroaching building in compliance with a city zoning ordinance which required a five (5) feet sideline set back.
Antis called Byron Core as an expert real estate appraiser to establish the value of the servitude and diminished value of his property. Core was accepted as an expert witness by the trial court without objection. Core testified Antis' property was worth One Hundred Seventy Five and No/ 100 Dollars ($175.00) per front foot, resulting in an easement value of Eight Hundred Seventy Five and No/100 ($875.00) for five (5) feet. Core confirmed he used the "market data comparative approach" to estimate the value of Lot 31 per front foot. This approach required, in part, that he research sales of similar property and unimproved lots in the Country Club Subdivision or immediate area. Core testified, at length, detailing the factors actually researched and considered by him in determining the estimated per front foot value of Antis' property.
Although Miller failed to call any expert witness to contradict Core's opinion or evaluation method, he asserts the expert's figure should have been rejected by the trial court because Core did not consider the sale of a lot next to the Antis' property which netted a price of One Hundred Forty Two and No/100 Dollars ($142.00) per foot in 1983. We find Miller's contention factually incorrect and purely argumentative in nature. Our examination of the expert's testimony convinces us that he did consider the referenced 1983 sale together with other adjacent and area sales in or near the Country Club Subdivision. Based on extensive research, he reasoned that a single sale was not "typical" of the market value or pattern in the area. His data also included the sale of a neighborhood lot for One Hundred Seventy Five and No/100 ($175.00) per foot and a 1984 offer to buy Antis' lots for One Hundred Seventy Five and No/100 Dollars ($175.00) per foot.
We recognize there are no "hard and fast" rules applicable in assessing market values. The trial court may rely on an expert's opinion if it is "plausible" and grounded on a reasonable interpretation of market facts. There is ample evidence and testimony in the record to support the expert's conclusions. Miller's attempt to substitute his analysis of "other comparables" and "market value approaches" must yield to the record on this appeal which furnishes an adequate basis for the trial court's award. We are restricted in our review by the well-settled principle that an appellate court should not disturb a trial court's factual conclusions, absent manifest error, when evidence exists reasonably supporting the trial judge's inferences and evaluations of credibility. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Miller also assigns as error the trial judge's award of diminution damages. The expert testified, prior to the Miller's encroachment, a potential buyer of Lot 31 would have had ninety (90) feet of building area to comply with city zoning ordinances and eighty (80) feet of building area to comply with typical neighborhood front setback and sideline clearances established by the subdivision restrictions, adhered to by many homeowners in the subdivision. As a consequence of Miller's addition, a purchaser *1037 of Lot 31 would have only 71.15 feet to comply with the typical residence pattern and zoning requirements. He assigned a ten (10) percent devaluation figure to the lot reducing its front foot value to One Hundred Fifty Seven Dollars and Fifty Cents ($157.50), resulting in a damage calculation of One Thousand Five Hundred Seventy Five and No/100 Dollars ($1,575.00). Miller's argument strikes at the weight placed on the expert's testimony and his credibility. The trial judge accepted the expert's reduction as credible and logical. For reasons previously articulated, we cannot disturb the trial court's findings.

REFUSAL TO ADMIT CERTAIN PHYSICAL EVIDENCE
Miller contends the trial judge erred in refusing to admit as evidence a diagram depicting the two lots owned by Antis. He concludes that the introduction of this evidence would show Antis owned two lots side by side; and thus, Antis could join a portion of Lot 32 with Lot 31 to allow for a seventy-five (75) feet building area on both Lots, thereby reducing the resulting diminished value of Lot 31 to zero. We note the proffered diagram is similar to the plat admitted in the record and referenced as Appendix B in our earlier opinion in Antis v. Miller, supra.
Thus, the proffer was duplicative. Miller was not prejudiced by the trial judge's reasonable exercise of his discretion. We are not persuaded by Miller's argument suggesting the trial judge should have considered this evidence and joined the lots to negate or mitigate Antis' damages. There is no support in law or reason for this position. A landowner is not required to endure greater infringement of his property rights to mitigate against involuntary losses occasioned by the actions of a neighbor.

EXPERT FEES AND OTHER COSTS
Miller contends the trial judge should not have awarded any expert witness fees to Byron Core for his testimony and should not have taxed the Surveyor's fee as cost. This assignment is dismissed without further discussion. Setting expert witness fees and assigning them as cost are matters within the discretion of the trial court. An appellate court will not retract such awards unless the record on appeal reveals a serious abuse of discretion. D'Angelo v. New Orleans Public Service, Inc., 405 So.2d 1262 (La.App. 4th Cir.1981), writ denied, 407 So.2d 748 (La. 1981); Coon v. Placid Oil Company, 493 So.2d 1236 (La.App. 3rd Cir.1986). Contrarily, the record in this case discloses the trial judge's award was unreasonably low in light of the expert's extensive preparation and testimony.

ANTIS' CLAIMS FOR ATTORNEY'S FEES, ADDITIONAL EXPERT FEES AND DAMAGES
In advancing his claim for additional fees, Antis points to the duration of the present litigation, covering a period of eight (8) years, and the actual amount spent by him to retain the services of an attorney to assist in protecting his property rights. In short, he contends "equity" dictates we should award attorney's fees in this case. Although Antis' argument is moving, we are not compelled to alter settled jurisprudence. Attorney fees are not recoverable except where expressly authorized by statute or contract. Liberto v. Villard, 386 So.2d 930 (La.App. 3rd Cir. 1980); Naussau Realty Co., Inc., v. Brown, 332 So.2d 206 (La.1976).
However, this fee restriction does not extend to awards for other expert services. Antis argues he should be reimbursed One Thousand Six Hundred and No/100 Dollars ($1,600.00) actually paid by him to Byron Core as expert fees for trial testimony and work performed in valuing the servitude and determining other damages. The trial judge fixed a Four Hundred Fifty and No/100 Dollars ($450.00) fee for the expert's trial testimony. Antis states at least One Thousand and No/100 Dollars ($1,000.00) of the claimed payment was for work performed in preparation of trial. Amounts awarded for expert fees are generally within the discretion of the trial court and such will not be disturbed *1038 absent an abuse of discretion. D'Angelo v. New Orleans Public Service, Inc., 405 So.2d 1262 (La.App. 4th Cir.1981); Prentice Oil & Gas Company v. Caldwell, 355 So.2d 1327 (La.App. 1st Cir.1977), writ denied, 358 So.2d 640 (La.1978). In fixing expert fees, courts are not required to rely solely upon "an agreement entered into by a party as to the fee which an expert appraiser is to receive, or the statement of the expert as to his charges or even the actual payment of such a fee to the expert." LSA-R.S. 13:3666; State v. Donner Corporation, 236 So.2d 841 (La.App. 3rd Cir.1970); State Department of Highways v. Black, 207 So.2d 583 (La.App. 3rd Cir. 1968). Consideration should be given to the reasonableness of the preparatory work performed by the appraiser; whether this work actually tended to show the value of the property taken; and whether the conclusions of the appraiser, based on the preparatory work, were of some usefulness to the court. Examination of the record in this case convinces us that the trial judge abused his discretion in not awarding a higher expert fee more commensurate with the actual time expended by the appraiser in out-of-court preparation and trial appearance. The trial judge praised the work of the expert. The expert's written report contained in the record demonstrates the quality of the work performed and the time obviously invested by him to gather useful data. We note the expert was subjected to extensive cross-examination by the defense in deposition and at trial. Accordingly, we amend the judgment and award One Thousand and No/100 Dollars ($1,000.00) for Byron Core's expert services.
Antis' frivolous appeal claim is without merit. Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant. Damages for frivolous appeal are not allowable if legitimate issues are raised or an appellant fully believes in the merit of the appeal. Mauboules v. Broussard Rice Mills, 379 So.2d 1196 (La.App. 3rd Cir.1980), writ denied 381 So.2d 1234 (La.1980). Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir. 1979). While many of appellant's contentions are tenuous, we are unable to conclude he did not genuinely advocate the merit of this appeal.
Accordingly, the judgment of the trial court is affirmed except we award One Thousand and No/100 Dollars ($1,000.00) for Byron Core's expert fees. Appellee's claim for frivolous appeal damages is dismissed. All costs are assessed against appellants.
AFFIRMED AS AMENDED.