670 So.2d 273 (1996)
Herbert JOHNSON and Lee Johnson, Plaintiffs-Appellants,
v.
Gene K. MANUEL, et al., Defendants-Appellees.
No. 95-913.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
Writ Denied April 19, 1996.
*275 Thomas Louis Mahfouz, Morgan City, for Herbert Johnson and Lee Johnson.
James Michael Dill, Lafayette, for Gene K. Manuel, United States Fleet Leasing.
Kenneth Blake Givens, Houma, for Allstate Insurance Co.
Before DOUCET, C.J., and KNOLL, and DECUIR, JJ.
KNOLL, Judge.
This personal injury suit arises out of a low speed rear-end collision. Plaintiffs assert that the jury erred in awarding inadequate damages to plaintiffs, Herbert and Lee Johnson. Plaintiffs also assert that the trial court erred in awarding inadequate fees for expert witnesses. For the following reasons, we affirm.

FACTS
On November 15, 1991, plaintiffs' 1991 Nissan Stanza was struck from behind by defendant, Gene Manuel, who was driving a 1990 Chevrolet. Herbert Johnson was the driver of the Nissan, and his wife, Lee, occupied the passenger seat. Following the accident, Mr. and Mrs. Johnson were taken by ambulance to Lafayette General Hospital, where they were examined and released. They returned to their car, which had been left at the scene of the accident, and then drove to their home in Gibson, Louisiana. Both Mr. and Mrs. Johnson claim to have suffered neck and back injuries as well as depression as a result of this accident.
Defendants admitted liability, stipulating that Gene Manuel was the sole cause of the accident. Nevertheless, the extent of the plaintiffs' injuries and the necessity of the medical expenses incurred by the plaintiffs were hotly contested by the defendants.
On November 21, 1991, Mrs. Johnson began seeing Dr. Peter Rhymes, an orthopedic surgeon in Houma. Mrs. Johnson complained of headaches and pain in her neck and back. Dr. Rhymes' first impression was that Mrs. Johnson had suffered a sprain in the low back and neck, and prescribed a conservative treatment. Mrs. Johnson continued to complain of neck and back pain, and Dr. Rhymes ordered a CT-scan, which revealed a minimal bulge at C5-C6. On June 2, 1992, Dr. Rhymes referred Mrs. Johnson to Dr. Don Judice, a neurosurgeon in Houma, for further treatment on her cervical spine.
Dr. Judice performed a myelogram on June 15, 1992. Based on the myelogram and Mrs. Johnson's continuing complaints of pain, Dr. Judice determined that surgery was warranted. On December 3, 1992, Dr. Judice performed an anterior cervical disc removal and fusion at C5-6 and C6-7. Dr. Judice stated that he confirmed the existence of the bulging disc during this surgery. He further stated that he considered it a successful surgery.
After the surgery, Mrs. Johnson continued treatment with both Doctors Rhymes and Judice, and exhibited symptoms of pain, anxiety, and depression. Dr. Rhymes referred Mrs. Johnson to Dr. Dennis Spiers, a psychiatrist in Houma, who diagnosed Mrs. Johnson with depression. Mrs. Johnson has continued to see Dr. Spiers through trial.
On July 21, 1993, Dr. Jack Hurst, a neurosurgeon in Lafayette, performed an independent medical examination on Mrs. Johnson. Dr. Hurst stated that his examination revealed several signs of symptom magnification, and that her complaints of pain did not follow any known anatomical model. He further stated that after reviewing Mrs. *276 Johnson's medical records, he felt that the surgery performed by Dr. Judice was unnecessary.
Herbert Johnson had been involved in two prior accidents which occurred in 1989, and he was already in the care of Dr. Rhymes when the accident upon which this suit is based occurred. Dr. Rhymes had performed surgery on Mr. Johnson following these 1989 accidents, and a subsequent MRI revealed that scar tissue from the surgery was compressing a nerve root. Mr. Johnson had continued to have complaints of pain following surgery, and he had continued to see Dr. Rhymes. His last visit to Dr. Rhymes prior to the November 15, 1991 accident had been on September 30, 1991.
Mr. Johnson saw Dr. Rhymes on November 21, 1991, and complained of back and neck pain. Dr. Rhymes opined that Mr. Johnson had sprained his neck and back and that the November 15, 1991 accident aggravated Mr. Johnson's pre-existing condition. At the request of Dr. Rhymes, Mr. Johnson underwent physical therapy for more than two years. Dr. Rhymes also referred Mr. Johnson to Dr. Harold Conrad, a psychiatrist in Houma, for treatment of depression.
Dr. Hurst also examined Mr. Johnson, and stated that he found numerous inconsistencies in the symptoms displayed during the physical examination. Dr. Hurst stated that he felt that Mr. Johnson was magnifying his symptoms during the examination, and he opined that Mr. Johnson's infirmity was a "hoax."
Trial of this matter began on January 24, 1995, and the jury returned its verdict on February 1, 1995. The jury awarded Herbert Johnson $5,000 for pain and suffering and $10,000 for past medical expenses. The jury awarded Lee Johnson $9,000 for pain and suffering, $5,000 for permanent disability suffered, $19,000 for past medical expenses, and $7,500 for past lost wages. The court set the expert fees for Doctors Conrad and Spiers at $75. The court set Dr. Rhymes' fee at $400, and it set Dr. Judice's fee at $200.
Plaintiffs appealed, assigning three errors. First, plaintiffs contend that the jury committed manifest error in awarding Herbert Johnson only $15,000. Second, plaintiffs assert that the jury committed manifest error in awarding Lee Johnson only $40,500. Finally, the plaintiffs assert that the trial court abused its discretion in awarding inadequate fees for its experts.

LAW
The main issues in the case sub judice were whether the November 15, 1991, accident caused the plaintiffs' injuries, the extent of those injuries, and the necessity of the medical treatments received by the plaintiffs. In Breaux v. Maturin, 619 So.2d 174 (La.App. 3 Cir.1993), this court recently stated:
The plaintiff bears the burden of proving the existence of his injuries and a causal connection between those injuries and an accident. The test for determining whether he has satisfied that burden of proof is whether he has shown through medical testimony that it is more probable than not that the subsequent medical treatment was necessitated by trauma suffered in the accident.
Plaintiffs are aided in proving the causal relationship between the accident and their injuries by the legal presumption that a medical condition producing disability is presumed to have resulted from an accident, if the injured person was in good health prior to the accident, but shortly after the accident, the disabling condition manifested itself. If such a showing is made, the burden of proof shifts to the defendants to show that some other particular incident could have caused the injury.
Breaux, 619 So.2d 174 at 177. (Citations omitted).
The determination of the causation and extent of plaintiffs' injuries are questions of fact. In Rosell v. ESCO, 549 So.2d 840 (La.1989), the Louisiana Supreme Court stated:
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and *277 reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
* * * * * *
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.
Rosell, 549 So.2d 840 at 844. (Citations omitted).
Finally, we note that in making damage awards, the discretion of the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages. In reviewing a damage award, the initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the much discretion of the trier of fact. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, ___ U.S.___, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).

DISCUSSION
Herbert Johnson had experienced serious back injuries prior to the November 15, 1991 accident. Following two automobile accidents in January of 1989, Dr. Rhymes had performed surgery on Mr. Johnson. Dr. Rhymes testified that scar tissue from this previous surgery had been compressing a nerve root, and that as a result of this scar tissue, Mr. Johnson would continue to experience back pain for the rest of his life, regardless of the subsequent accident. Mr. Johnson had continued to see Dr. Rhymes because of this pain, and had visited Dr. Rhymes six weeks before the November 15, 1991, accident. The record also reflects that Herbert Johnson was being treated for depression prior to the November 15, 1991, accident.
Dr. Rhymes testified that the November 15, 1991, accident aggravated Mr. Johnson's pre-existing condition, but that Mr. Johnson returned to his pre-accident plateau within four or five months. Nevertheless, Mr. Johnson continued physical therapy for more than two years after the accident.
We also note that Dr. Hurst stated that it was his opinion that Mr. Johnson was a "hoax." Dr. Hurst gave numerous reasons for this opinion, citing several inconsistencies that he noted during his physical examination of Mr. Johnson.
Like her husband, Lee Johnson had suffered serious back and neck injuries prior to the November 15, 1991, accident. To complicate matters, Mrs. Johnson failed to inform her treating physicians of her significant history of back injuries. This failure makes her treating physicians' determination of causation questionable, since the physicians did not have all of the facts necessary to form an accurate opinion.
Although Doctors Rhymes and Judice opined that Mrs. Johnson's injuries resulted solely from the November 15, 1991, accident, they admitted that Mrs. Johnson had not informed them of her prior back injuries. They stated that the history given by the patient is extremely significant in assessing causation. Mrs. Johnson's treating physicians further stated that almost all of their determinations were based on Mrs. Johnson's subjective complaints. Her physicians also admitted that Mrs. Johnson's complaints of radiating pain followed no known neurological pattern.
Mrs. Johnson was also examined by Dr. Hurst, who noted many of the same types of inconsistencies in Mrs. Johnson that he noted in Mr. Johnson. He strongly opined that Mrs. Johnson was magnifying her symptoms. He further testified that based in his review of Mrs. Johnson's medical records, the surgery performed by Dr. Judice was unnecessary.
Additionally, it is evident to this court that Mrs. Johnson's numerous inconsistent statements with regard to her prior injuries and shoplifting convictions seriously damaged her credibility. Since most of Mrs. Johnson's complaints were subjective, her lack of credibility *278 undermines her physicians' determinations of causation and extent of injury.
After reviewing all the evidence, we conclude that the jury did not abuse its much discretion in awarding Herbert Johnson $15,000 and awarding Lee Johnson $40,500.

EXPERT FEES
The trial court has much discretion in setting expert fees, and an appellate court will not retract such awards unless the record on appeal reveals a serious abuse of discretion. La.R.S. 13:3666; Antis v. Miller, 613 So.2d 1034 (La.App. 3 Cir.1993). The record reveals no such abuse by the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs.
AFFIRMED.