NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-603

NEOSHA ROBERTSON, ET AL

VERSUS

THE NETHERLANDS INSURANCE COMPANY, ET AL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20160129
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

REVERSED.

**Archie Paul Joseph**
**Attorney at Law**
**Post Office Box 1283**
**Breaux Bridge, Louisiana 70517**
**(337) 332-5287**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Neosha Robertson**
    **Neosha Robertson on behalf of Joshua Cormier, Jr.**
    **Neosha Robertson on behalf of Kayc Cormier**


**Keith S. Giardina**
**Ryan T. Morrow**
**The Law Offices of Keith S. Giardina**
**9100 Bluebonnet Centre Blvd., Suite 300**
**Baton Rouge, Louisiana 70809**
**(225) 293-7272**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **The Netherlands Insurance Company**
    **Clement Bradley Quoyeser**

**CONERY, Judge.**

In this car accident case, defendant driver backed into plaintiff's vehicle as plaintiff was driving on the roadway. Plaintiff filed suit against defendants (the driver and his insurer) on her own behalf and on behalf of her two minor children alleging that she and her two minor children sustained injuries as a result of the collision. Defendant driver and his insurance company (defendants) filed a motion for partial summary judgment alleging there was no genuine issue of material fact concerning whether the children were injured. The motion was granted and the two minor children were dismissed as plaintiffs from the litigation. Plaintiff appeals that judgment in her own right and on behalf of each of her two children. Because we find a genuine issue of material fact exists, we reverse the trial court's judgment granting partial summary judgment and dismissing the minor children from this litigation.

## FACTS AND PROCEDURAL HISTORY

Clement Bradley Quoyser's vehicle collided with the rear passenger side of Neosha Robertson's vehicle[1] on January 19, 2015, as Mr. Quoyser was backing out of a driveway onto Tenth Street in Lafayette, Louisiana. At the time of the accident, Mr. Quoyser was insured by The Netherlands Insurance Company. Ms. Robertson's children, Joshua Cormier, Jr., and Kayc Cormier, who were approximately one year and two years old at the time of the accident, were properly restrained in car seats in the back seat of her vehicle when the collision occurred.

---

[1] The vehicle driven by Ms. Robertson and involved in the January 19, 2015 accident was a 2000 Pontiac Grand Prix, which was owned by Linda Cormier. For purposes of this opinion, any reference to "Ms. Robertson's vehicle" is a reference to this 2000 Grand Prix driven by Ms. Robertson and owned by Ms. Cormier on the date of the accident.

Ms. Robertson filed a petition for damages individually and on behalf of her minor children, Joshua Cormier Jr. and Kayc Cormier, on January 8, 2016. She has alleged that she and her children suffered injuries and damages as a result of the collision. Mr. Quoyser and The Netherlands Insurance Company were named as defendants. Defendants answered the petition on February 2, 2016. On December 6, 2016, after conducting discovery, defendants filed a motion for partial summary judgment seeking to have the claims filed on behalf of the children dismissed from the lawsuit. A hearing on the motion was held on February 13, 2017 and it was granted. The claims on behalf of Joshua Cormier Jr. and Kayc Cormier were dismissed with prejudice. The judgment was signed on March 16, 2017, and was designated a certified final judgment for appellate purposes. Ms. Robertson, individually and on behalf of her children, then timely filed this appeal.

## ASSIGNMENT OF ERROR

Appellants assert a single error: that the trial court improperly granted defendants' motion for partial summary judgment, which dismissed the children's claims with prejudice, because genuine issues of material fact remain undetermined with respect to whether the children were injured in the January 19, 2015 collision.

## STANDARD OF REVIEW

Using the same criteria governing the district court when it considers whether summary judgment is appropriate, appellate courts review summary judgments de novo. *Luther v. IOM Co. LLC.*, 13-353 (La. 10/15/13), 130 So.3d 817; *See also Degueyter v. First American Title Co.*, 17-78 (La.App. 3 Cir.

10/25/17) (unpublished opinion); *Bowdoin v. WHC Maintenance Services, Inc.*, 17-150 (La.App. 3 Cir. 10/25/17) (unpublished opinion).

## LAW

Louisiana law allows judgments granting partial summary judgment to be designated as final judgments "even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case[.]" La.Code Civ.P. art. 1915(A). Pertinent to the instant case, a partial final judgment is appropriate when it "[d]ismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors." La.Code Civ.P. art. 1915(A)(1). It is also appropriate to designate a partial summary judgment final when the judgment "[g]rants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E)."[2] La.Code Civ.P. art. 1915(A)(3).

Louisiana Code of Civil Procedure Article 966 sets forth the criteria required for a trial court to grant a party's motion for summary judgment. "A party may move for a summary judgment for all or part of the relief for which he has prayed." La.Code Civ.P. art. 966(A)(1). If, after a reasonable opportunity for discovery, a party shows "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law[,]" summary judgment shall be granted. La.Code Civ.P. art. 966(A)(3). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Luther*, 130 So.3d at 822. "A genuine issue of material fact

---

[2] A summary judgment may be granted that dismisses a "particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, *even though the granting of the summary judgment does not dispose of the entire case as to that party or parties*." La.Code Civ.P. art. 966(E).

is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 8 (La. 7/2/12), 94 So.3d 750, 755 (superseded by statute on other grounds).

The burden of proving an absence of a genuine issue of material fact is the mover's. *See* La.Code Civ.P. art. 966(D). If the mover will not bear the burden of proof at trial, he does not have to "negate all essential elements of the adverse party's claims[.]" La.Code Civ.P. art. 966(D). Instead, he has to show the court that there is a lack of factual support for one of the essential elements. La. Code Civ.P. art. 966(D). Once he makes a prima facie showing that the motion will be granted, the burden shifts to the non-moving party to "produce factual support sufficient to establish the existence of a genuine issue of material fact[.]" La. Code Civ.P. art. 966(D).

The court's role, when ruling on motions for summary judgment, is to determine whether genuine issues of material fact exist, and whether as a matter of law, summary judgment is proper. La.Code Civ.P. art. 966; *See also Luther*, 130 So.3d 817. The court is not to weigh evidence or to determine the truth of the matter. *Id.* In its determination, the trial court can consider "only those documents filed in support of or in opposition to the motion for summary judgment." La.Code Civ.P. art. 966(D)(2). "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4).

## DISCUSSION

At the outset, we note that we are considering this appeal on a motion for partial summary judgment, not an appeal after a trial on the merits. In the instant case, defendants had the burden of proving that there was no dispute as to any material fact essential to plaintiffs' claims. In this case, defendant is claiming the children were not injured.

Defendants argue that expert medical testimony is required to prove an injury, therefore the children are precluded from recovering for any injury they may have sustained because there is no expert medical evidence in the record showing that the children suffered physical injuries. We disagree.

In defendants' motion for partial summary judgment and memorandum in support, defendants challenge whether the children were injured at all and, if they were injured, whether there is proof that any injuries occurred as a result of the accident. To support this contention, defendants attach two letters from Dr. Mack (one on each child), who saw the children **nine months** after the accident and opined that the accident did not cause either child's allegedly changed behavior. Louisiana Code of Civil Procedure Article 966(A)(4) expressly sets forth the requirement that medical records attached to a motion for summary judgment or memorandum in support or opposition be certified. The records attached to defendants' memorandum in support of its motion for partial summary judgment are not certified and cannot be used to prove the non-existence of an essential negligence element. Defendants did not file any other documentation like affidavits, deposition testimony, or answers to interrogatories to support their motion.

In her memorandum in opposition to the motion for partial summary judgment, an excerpt from Ms. Robertson's deposition testimony was included, indicating that the children were **shaken up in the wreck, were crying, and suffered injuries** as a result of the accident.[3] This testimony sufficiently created a factual dispute on the issues of causation and injury. Though it may have been preferable for plaintiff to attach certified copies of the accident report, certified estimate of the property damage to the vehicle, and certified copies of medical records to her opposition to motion for summary judgment, counsel for Ms. Robertson did include an excerpt from Ms. Robertson's deposition testimony in which she unequivocally stated that her vehicle was struck in the back where the children were riding; that the children were shaken up after the accident; and that they exhibited abnormal behavior, including nightmares and crying, after the accident.

In this excerpt, she testified that the "changes [that] occurred right after the accident with the kids" included "[s]leeping, waking up crying, or sleeping then crying in their sleep or what not." She testified that she brought the children to see Dr. Sibley within days of the accident. She testified that she noticed some abnormalities in the children's behavior after the accident and "[m]y kids was [sic] crying. They're crying in their sleep, waking up crying right after the accident. Months later, it was still going on off and on. As I say, my baby still don't [sic] want to sit by the door because of the accident."

---

[3] At the hearing on the motion for partial summary judgment, counsel for defendants argued that Ms. Robinson's opposition was untimely and asked that it be excluded from the trial court's consideration. The trial court denied that request. As defendants did not appeal seeking a review of that determination, we will not opine about its timeliness and, like the trial court, will consider it in our determination of whether a partial summary judgment should be granted.

Whether an accident caused a person's injuries in a question of fact. *Carrier v. Nobel Ins. Co.* 01-983 (La.App. 3 Cir. 2/6/02) 817 So.2d 126, *writs denied*, 02-728, 02-739 (La. 5/10/02), 815 So.2d 843, 845. *See also Johnson v. Manuel*, 95-913 (La.App. 3 Cir. 1/31/96), 670 So.2d 273, *writ denied*, 96-540 (La. 4/19/96), 671 So.2d 919 (a determination of causation and the extent of damages incurred are questions of fact). Since the defendants failed to prove the non-existence of any one of the essential elements of negligence, we find that the trial court's grant of their motion for partial summary judgment must be reversed. We find that Ms. Robertson's deposition testimony about changes in her children's behavior after the wreck creates a genuine issue of material fact.

## CONCLUSION

Having found that a genuine issue of material fact exists as to the children's injuries and the scope thereof, we reverse the trial court's partial grant of summary judgment that dismissed Joshua Cormier Jr. and Kayc Cormier from this litigation. All court costs are assessed against defendants, The Netherlands Insurance Company and Clement Bradley Quoyser.

**REVERSED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.**
Uniform Rules—Courts of Appeal, Rule 2-16.3.