# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**20-161**


**BRUCE BREAUX**

**VERSUS**

**JACKIE WOODS, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2016-418
HONORABLE E. DAVID DESHOTELS, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.


**AFFIRMED.**


**Donna U. Grodner**
**Grodner Law firm**
**2223 Quail Run, B-1**
**Baton Rouge, LA 70808**
**(225) 769-1919**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     Bruce Breaux

**Samuel B. Gabb**
**Plauche, Smith & Nieset, L.L.C.**
**1123 Pithon Street**
**Lake Charles, LA 70601**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **The Geo Group, Inc.**
    **Jackie Woods**

**SAUNDERS, Judge.**

This matter arises out of an incident where the plaintiff was injured when performing electrical work while incarcerated. Plaintiff asserts that the trial court erred by ignoring medical opinions when it found that the injury was minor and lasted only eight weeks, by awarding only $4,000 in general damages, by limiting the award for medical expenses to eight weeks after the incident, by not awarding plaintiff for loss of earning capacity, and by failing to sequester a fact witness.

## FACTS AND PROCEDURAL HISTORY:

On July 28, 2016, Bruce Beaux was assisting in replacing a malfunctioning coffee maker while he was incarcerated at Allen Correctional Center. When Mr. Breaux plugged the coffee maker into the wall outlet, he received an electric shock. After the shock, he was escorted to the infirmary where he was treated by Dr. Eric Chatman.

Mr. Breaux continued seeking treatment for the electric shock and various other issues from Dr. Chatman for months afterward. In late April or early May 2017, a nurse practitioner ordered an x-ray of Breaux's neck and shoulder. Multiple level problems were found with Mr. Breaux's neck. Sixteen months after the incident, Mr. Breaux was treated by Dr. Allen Johnston. Dr. Johnston was able to diagnose Mr. Breaux with preexisting degenerative neck injuries. After this discovery, Mr. Breaux reported to Dr. Johnston that when he received the electric shock, he hit his head, fell, and injured his neck.

During the trial, Breaux asked that Shelton Manuel be sequestered with other witnesses. The GEO Group, Inc. (hereinafter referred to as "GEO") claimed that Mr. Manuel, who was a former employee of GEO and current employee of the Department of Corrections, was a corporate representative of GEO. The trial court exempted Mr. Manuel from sequestration.

The trial court found that GEO employees were negligent in failing to shut off power to the outlet before Mr. Breaux plugged in the coffee pot, and that their negligence was the cause in fact or a contributing factor the electric shock suffered by Mr. Breaux. The trial court found the cervical injuries which were later discovered were not related to the electrical shock, and that the injuries Mr. Breaux did receive resolved within four to six weeks. The trial court awarded $4,000 for pain and suffering and limited the award for medical expenses to the period within eight weeks of the incident. The trial court did not award any lost wages or loss of earning capacity.

## ASSIGNMENTS OF ERROR:

**[1].** The trial court erred in rejecting the testimony of the medical doctors/treating physicians and medical records to find the injuries were minor and short term, when the evidence in the record supports a finding that the hand, arm and neck injuries were caused by "Electric Shock" and treatment was consistent, ongoing and long term for the injuries where medical opinion is controlling and there was no contradictory testimony.

**[2].** The trial court erred in granting an award of $4,000.00 for only eight (8) weeks of pain and suffering, where the injury was instead serious and permanent and began on the date of the electric shock and continue uninterrupted.

**[3].** The trail court erred in refusing to allow the medical billing for injuries.

**[4].** The trial court erred in failing to award any future medical treatment or future loss of earning capacity.

**[5].** The trail court erred in failing to sequester Mr. Manual, a GEO witness.

## ASSIGNMENT OF ERROR NUMBER ONE:

In the first assignment of error, Mr. Breaux claims the trial court erred by rejecting testimony of the treating physicians and medical records to find the injuries were minor and short term. He argues the evidence in the record supports a finding that the hand, arm, and neck injuries were caused by "Electric Shock" and treatment

was consistent, ongoing and long term for the injuries where medical opinion is controlling and there was no contradictory testimony. We find no merit in this assignment of error.

"The determination of the causation and extent of plaintiffs' injuries are questions of fact." *Johnson v. Manuel*, 95-913, p. 5 (La.App. 3 Cir. 1/31/96), 670 So.2d 273, 276, *writ denied*, 96-0540 (La. 4/19/96), 671 So.2d 919. As explained by the third circuit in *Sportsman Store of Lake Charles, Inc. v. Sonitrol Sec. Sys. of Calcasieu, Inc.*, 99–201, p. 6 (La.App. 3 Cir. 10/19/1999), 748 So.2d 417, 421:

> It is well settled that a court of appeal may not set aside a finding of fact by a trial court or a jury in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Lirette v. State Farm Ins. Co.*, 563 So.2d 850, 852 (La.1990); *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989); *Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1978); *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973). The rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound. *Lirette v. State Farm Ins. Co.*, [ ][563 So.2d] at 853; *Sistler v. Liberty Mutual Ins. Co.*, 558 So.2d 1106 (La.1990).

In the case at hand, the trial court found that Mr. Breaux failed to prove that his injuries related to the incident lasted longer than eight weeks and rejected Mr. Breaux's claims of receiving a cervical injury from the incident. Breaux argues that in doing so, the trial court erred by rejecting uncontroverted medical testimony regarding Mr. Breaux's injuries and their cause.

Generally, "uncontradicted expert testimony should be accepted as true in the absence of circumstances in the record that cast suspicion on the reliability of the testimony." *Arnold v. Town of Ball*, 94-972, p. 8 (La.App. 3 Cir. 2/1/95); 651 So.2d 313, 319. However, " '[e]ven uncontradicted expert testimony is not binding on the factfinder.' " *Prestridge v. Bank of Jena*, 05–545, p. 18 (La.App. 3 Cir. 3/8/06), 924

3

So.2d 1266, 1278, *writ denied*, 06–0836 (La.6/2/06), 929 So.2d 1261 (quoting *Penton v. Healy*, 04–1470, p. 4 (La.App. 4 Cir. 1/26/05), 894 So.2d 537, 540, *writ denied*, 05–0975 (La.6/3/05), 903 So.2d 463). The factfinder has discretion to accept or reject expert testimony and to determine the amount of weight it may be due, which is largely dependent upon the expert's qualifications and the facts upon which their opinions are based. *Id.* Further, as explained by the Louisiana Supreme Court, "[t]he trier of fact may substitute common sense and judgment for that of an expert witness when such a substitution appears warranted on the record as a whole." *Ryan v. Zurich Am. Ins. Co.*, 07-2312, p. 12 (La. 7/1/08), 988 So.2d 214, 222.

The medical testimony relied on the history provided by Mr. Breaux to connect the exacerbation of his preexisting cervical condition to the electrical shock. Mr. Breaux claims to have struck his head when he was shocked during the incident. The trial court did not find Mr. Breaux's recounting of receiving a blow to the head or Breaux's reported symptoms to be credible.

> When findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.

*Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

Dr. Johnston and Dr. Chatman agreed that had Mr. Breaux injured his neck during the incident, he likely would have reported symptoms or complaints regarding the neck injury shortly after the injury. The trial court noted that Mr. Breaux did not report receiving the blow to his head until his preexisting cervical condition was discovered several months after the incident. The trial court also seemed to believe that in doctor's visits following the incident Mr. Breaux attempted to connect unrelated symptoms to the electric shock.

4

Additionally, the trial court found reason to question Mr. Breaux's credibility in his description of circumstances around the electrical shock. The trial court did not believe Mr. Breaux's assertion that he was forced to kneel in standing water when performing the work. Other witnesses testified that floor was "very wet" and had "water in the cracks," but none described standing water.

For the reasons discussed above, the trial court had a reasonable basis to believe that Mr. Breaux had on multiple occasions "exaggerated or tried to mislead." This damaged Mr. Breaux's credibility and the history he reported to medical providers in the eyes of the trial court, casting doubt on the medical opinions which relied on the history provided by Mr. Breaux. Viewing the record as a whole, we cannot say that the trial court was clearly wrong in rejecting Mr. Breaux's claims that a cervical injury resulted from the electric shock incident or in finding that the injuries caused by the electric shock were minor and short term.

As for the other injuries that Mr. Breaux asserts were caused by the electric shock, it was not manifest error for the trail court to find these injuries were minor and short term. On September 23, 2016, two months after Mr. Breaux received the electric shock, Dr. Chatman could find no objective evidence of injury. Given that the trial court had reason to doubt Mr. Breaux's credibility when reporting subjective symptoms, the trial court was not clearly wrong to find that the injuries from the electric shock lasted four to six weeks. Therefore, we find no merit to this assignment of error.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In the second assignment of error, Mr. Breaux argues that the trial court erred in granting an award of $4,000.00 for only eight weeks of pain and suffering, where the injury was instead serious and permanent and began on the date of the electric shock and continue uninterrupted. We find no merit in this assignment of error.

It is important to note that "in making damage awards, the discretion of the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages." *Johnson v. Manuel*, 95-913, p. 5 (La.App. 3 Cir. 1/31/96), 670 So.2d 273, 277, *writ denied*, 96-0540 (La. 4/19/96), 671 So.2d 919. Further, "[i]n reviewing a damage award, the initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the much discretion of the trier of fact." *Id.* citing *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). When considering the standard of review for general damages award in *Duncan v. Kansas City Southern Railway Co.*, 00–66 (La.10/30/00), 773 So.2d 670, *cert. denied*, 532 U.S. 992, 121 S.Ct. 1651, 149 L.Ed.2d 508 (2001), the Louisiana Supreme Court stated:

> The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. *Cone v. National Emergency Serv. Inc.*, 99–0934 (La.10/29/99), 747 So.2d 1085, 1089; *Reck v. Stevens*, 373 So.2d 498 (La.1979). Only after a determination that the trier of fact has abused its "much discretion" is a resort to prior awards appropriate and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976).

The argument that the injury was serious and permanent or long term was addressed in the section considering the first assignment of error. Given that the trial court was not clearly wrong when it found that the injuries caused by the electric shock were minor and lasted four to six weeks, and that trial courts have vast discretion when awarding general damages, we cannot say that the trial court abused its discretion by awarding only $4,000.00 for pain and suffering.

## ASSIGNMENT OF ERROR NUMBER THREE AND FOUR:

In the third assignment of error, Mr. Breaux contends that the trail court erred in refusing to allow the medical billing for injuries. In the fourth assignment of error,

Mr. Breaux argues that the trial court erred in failing to award any future medical treatment or future loss of earning capacity. We find no merit in these assignments of error.

Special damages are those which theoretically may be determined with relative certainty, which includes medical expenses and lost wages. *Kaiser v. Hardin*, 06-2092 (La. 4/11/07), 953 So.2d 802. As we explained in *Savant v. Hobby Lobby Stores, Inc.*, 12–447, p. 13 (La.App. 3 Cir. 11/7/12), 104 So.3d 567, 575:

> An award of special damages is reviewed pursuant to the manifest error standard of review, unlike a general damage award which is reviewed pursuant to the abuse of discretion standard. *Hornsby v. Bayou Jack Logging*, 03–1544 (La.App. 3 Cir. 5/5/04), 872 So.2d 1244. Thus, "[t]he adequacy or inadequacy of the award should be determined by the facts or circumstances of the case under consideration." Id. at 1248. The plaintiff bears the burden of proving entitlement to special damages by a preponderance of the evidence. *Id.*

As to past and future medical expenses, we find that the trial court was not clearly wrong. "[T]o recover medical expenses, whether past or future, a plaintiff must show, through medical testimony, both the existence of the injury and a causal connection between the injuries and the incident of which plaintiff complained." *Chatelain v. Rabalais*, 04-28, p. 9 (La.App. 3 Cir. 7/7/04), 877 So.2d 324, 332. As discussed in the section considering the first assignment of error, the trial court was not clearly wrong when it found that Mr. Breaux's cervical injuries were not caused by the electric shock incident. Lacking a causal connection between the incident and the cervical injury, Mr. Breaux would be unable to recover medical expenses for the cervical injuries.

The trial court was also not clearly wrong when limiting Mr. Breaux's recovery for medical expenses to the period between July 28, 2016, and September 23, 2016, excluding the August 2, 2016 visit, which was for a possible ear infection, stomach cramps, and chest pain. As explained in the section discussing the first

7

assignment of error, Mr. Breaux's credibility was damaged in the eyes of the trial court, who believed that Mr. Breaux "exaggerated or tried to mislead." Given that Mr. Breaux's credibility was damaged, the trial court was not clearly wrong when limiting the damages to the eight week period after the incident when Dr. Chatman confirmed that he could find no objective evidence of the injury when examining Mr. Breaux roughly two months later.

The trial court was also not clearly wrong in finding that Mr. Breaux suffered no loss of earning capacity. "To recover for loss of earning capacity, the plaintiff must produce medical evidence indicating with reasonable certainty that he has a residual disability *causally related* to the accident." *Fruge v. Hebert Oilfield Const., Inc.*, 03-349, pp. 6-7 (La.App. 3 Cir. 10/1/03), 856 So.2d 100, 105, *writ denied sub nom.*, 03-2997 (La. 1/30/04), 865 So.2d 77 (emphasis added). As previously discussed, the trial court was not clearly wrong when it found that the cervical injury was not related to the electrical shock incident and that the injuries that were caused by the electrical shock were not long lasting. Having found no residual disability causally connected to the incident, the trial court had no reason to award any damages for loss of earning capacity. We therefore find no merit to the third or fourth assignments of error.

**ASSIGNMENT OF ERROR NUMBER FIVE:**

In the fifth assignment of error, Mr. Breaux contends that the trail court erred in failing to sequester Mr. Manual, a GEO witness. We find no merit to this assignment of error.

"Wide discretion should be afforded the trial court when resolving sequestration problems. The facts of the individual case should be considered by the reviewing court to determine whether defendant was prejudiced by the sequestration violation." *State v. McSweeney*, 619 So.2d 861, 869 (La.App. 3 Cir.1993).

8

The trial court exempted Mr. Manuel, a former employee of GEO, from the sequestration order. Mr. Breaux fails to name a specific example of how he was prejudiced by the trial court's failure to sequester Mr. Manuel. Mr. Manuel's only involvement in the incident that led to the electrical shock was that he turned the breaker off and then back on and spoke with Mr. Woods after Mr. Breaux was shocked. He testified that he did not witness the removal of the old coffee pot, nor the electrical shock take place. Mr. Manuel did not testify as to the severity of Mr. Breaux's injuries, nor their duration. Under the facts of this case, Mr. Breaux has failed to show that any material prejudice occurred due to the trial court's failure to sequester Mr. Manuel. We find that the trial court failing to sequester Mr. Manuel would be harmless error at worst, and therefore do not need to determine whether the trial court erred in failing to sequester Mr. Manuel.

<u>**CONCLUSION**</u>:

For the reasons stated above, we affirm the trial court's decision. All costs of this appeal are assessed to the plaintiff-appellant, Bruce Breaux.

**AFFIRMED**